UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RONALD JOSEPH TROSCLAIR, JR., | * | CIVIL ACTION NO.: 2:19-cv-10689- |
| | * | CJB-MDN |
| Plaintiff, | * | |
| | * | |
| VERSUS | * | |
| | * | |
| | * | JUDGE: CARL BARBIER |
| MONSANTO COMPANY; MONSANTO | * | |
| COMPANY MANUFACTURING | * | MAGISTRATE JUDGE: MICHAEL |
| FACILITY; XL BERMUDA, LTD.; | * | NORTH |
| CATLIN INSURANCE SERVICES, INC.; | * | |
| T.H.E. INSURANCE COMPANY; 3M | * | |
| CATTLE, LLC; and RANDY JACOBS, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT RANDY JACOBS'**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Randy Jacobs ("Mr. Jacobs") respectfully submits the following memorandum in support of his Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

In this products liability lawsuit, plaintiff Ronald Joseph Trosclair Jr. ("Plaintiff") alleges that he developed non-Hodgkin's Lymphoma ("NHL") as result of exposure to Roundup®-branded herbicides manufactured by Monsanto Company ("Monsanto"). *See, e.g.,* Petition for Damages ("Petition") ¶¶ 21, 24, 105-06 (ECF No. 1-2). Plaintiff's claims are materially similar to those currently pending against Monsanto in the multidistrict litigation in the U.S. District Court for the Northern District of California. Rather than proceed against Monsanto alone, however, Plaintiff improperly joined Louisiana defendants in an effort to defeat federal diversity jurisdiction. *See* Monsanto's Opp. to Pl.'s Mot. To Remand, ECF No. 19. These Louisiana defendants include the owners of a small farm in Luling, Louisiana, where Plaintiff allegedly applied Roundup®-branded

herbicides (3M Cattle, L.L.C.) and a former Monsanto employee (Mr. Randy Jacobs) who allegedly supplied Roundup®-branded herbicides or unfinished concentrates of the same to Plaintiff or 3M Cattle. *See, e.g., id.* ¶ 130.

Plaintiff's single claim against Mr. Jacobs sounds in negligence under Louisiana Civil Code Article 2315.[1] Plaintiff alleges that Mr. Jacobs supplied or distributed unlabeled or improperly labeled glyphosate and/or Roundup®-branded herbicides in "repurposed containers" to Plaintiff and/or 3M Cattle that Mr. Jacobs removed from the Monsanto plant in Luling, Louisiana. *See* Petition ¶¶ 130, 132, 189, 191. Plaintiff also alleges that Mr. Jacobs "[a]s an employee of [the] Luling Plant . . . had or should have had an elevated appreciation of the dangerous nature of chemicals in general, and glyphosate and/or Roundup formulations particularly. As such, Mr. Jacobs had a duty to act with reasonable care in the distribution of the products manufactured by his employer." *Id.* ¶ 190. Plaintiff does not allege, however, any facts that would establish Mr. Jacobs owed Plaintiff a legal duty under which Louisiana imposes a heightened duty of care. *See* Monsanto Opp. to Pl.'s Mot. to Remand at 17-21. Nor does Plaintiff allege any factual support for the conclusion that Mr. Jacobs had actual or constructive knowledge that Roundup®-branded herbicides allegedly could cause NHL. *See id*. Because Plaintiff has failed to allege any facts

---

[1] Plaintiff has abandoned his right to seek recovery against Mr. Jacobs based upon Mr. Jacobs' employment with Monsanto. *See* Pl.'s Rely to Monsanto's Opp. to Pl.'s Mot. to Remand, ECF No. 28 at 6 (claiming "Mr. Jacobs had a duty arising from his own actions, independent of his employee status at Luling Plant" and "Mr. Jacob's [sic] duty arises from the general duty owed by all people to refrain from causing harm to others. LA Civ. Code § 2315"). Plaintiff should be estopped from using Mr. Jacobs' position with Monsanto as a basis for any recovery. *See Ahrens v. Perot Systems Corp.*, 205 F.3d 831, 833 (5th Cir. 2000) ("[A] party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.") (quotation marks omitted). If Plaintiff had sought to recover against Mr. Jacobs based upon his previous employment with Monsanto, any such recovery would be barred by *Canter v. Koehring Co.*, 283 So. 2d 716 (La. 1973), *abrogated by statute on other grounds*, and its progeny. *See infra* Section II; Monsanto Opp. to Pl.'s Mot. to Remand at 18-20.

giving rise to a legal duty owed by Mr. Jacobs to Plaintiff – a requisite predicate of liability under Article 2315 and Louisiana's duty-risk approach to negligence – Plaintiff has no claim as a matter of law.

Moreover, even if Plaintiff had alleged sufficient facts to state a claim under the duty-risk rubric, any recovery against Mr. Jacobs is barred as a matter of law by the "wrongful-conduct" rule. Courts do not compensate plaintiffs for injuries sustained in the course of their own illicit endeavors. Here, the gravamen of Plaintiff's purported claim against Mr. Jacobs is that Plaintiff was injured while using product removed from a Monsanto facility without the company's knowledge or approval. Because Plaintiff never had permission for his alleged use of bootlegged herbicides, he cannot now seek compensation for the alleged injuries he sustained from using those products. Consequently, Plaintiff has failed to state a negligence claim against Mr. Jacobs as a matter of law, and he should be dismissed from this litigation with prejudice.

## ARGUMENT

The Federal Rules of Civil Procedure require plaintiffs to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts accept as true factual allegations, they "do[] not accept conclusory allegations, unwarranted factual inferences, or legal conclusions as true." *Gros v. Warren Props., Inc.*, No. 12-2184, 2012 WL 5906724, at *5 (E.D. La. Nov. 26, 2012) (Barbier, J.) (quotation marks omitted). "The claim must be dismissed if there are insufficient factual allegations to raise a right above the speculative level, or it is apparent from the face of the complaint that there is an insuperable bar to relief." *Pellegrin v. C.R. Bard*, No. 17-12473, 2018 WL 3046570, at *2 (E.D. La. June 20, 2018) (citations omitted).

## I. The Negligence Claim Against Mr. Jacobs Must Be Dismissed.

Plaintiff has failed to state a plausible claim against Mr. Jacobs for negligence under Article 2315 because the Petition does not allege facts to establish that a special relationship existed between Mr. Jacobs and Plaintiff or that Mr. Jacobs had actual or constructive knowledge that glyphosate or Roundup®-branded products allegedly created a risk of cancer or other serious adverse effects. Louisiana employs a duty-risk approach to negligence, under which a plaintiff bears the burden of proving "five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element)." *Hanks v. Entergy Corp.*, 944 So. 2d 564, 579 (La. 2006). A negative answer to any of the inquiries results in a determination of no liability. *See Mathieu v. Imperial Toy Corp.*, 646 So. 2d 318, 321 (La. 1994).

Therefore, the "threshold question in any negligence inquiry is whether the defendant owed the plaintiff a duty." *Gros*, 2012 WL 5906724, at *6 (Barbier, J.) (citing *Hanks*, 944 So. 2d at 580); *see also Carroll v. Am. Empire Surplus Lines Ins. Co.*, 289 F. Supp. 3d 767, 770 (E.D. La. 2017). Whether "a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties," *Labarre v. Occidental Chem. Co.*, 250 So. 3d 932, 938 (La. App. 1st Cir. 2018) (citation omitted), and is "a question of law," *Hanks*, 44 So. 2d at 570.

### a. Plaintiff Has Failed To Allege Facts That Would Establish Mr. Jacobs Owed Plaintiff A Legal Duty Recognized Under Louisiana Law.

Louisiana courts have recognized that "[n]o duty to protect against or control the actions of a third party exists unless a *special relationship* exists to give rise to such a duty." *Carroll v. Allstate Ins.*, 244 So. 3d 772, 776 (La. App. 2d Cir. 2017) (emphasis added) (citing *Mosley v. Temple Baptist Church of Ruston, La., Inc.*, 920 So. 2d 355 (La. App. 2d Cir. 2006)); *see also In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 838 F. Supp. 2d 497, 506 (E.D. La. 2012) ("[W]here the alleged wrongful conduct of the defendant is a failure to act or 'nonfeasance,' courts have found it necessary for some definite relationship between the parties to exist, such that social policy justifies the imposition of a duty to act upon the defendant.") (quotation marks omitted). The traditional "special relationships" are those that "exist between parent and child; employer and employee; carrier and passenger; innkeeper and guest; shopkeeper and business visitor; restauranteur and patron; jailer and prisoner; and teacher and pupil." *Carroll*, 244 So. 3d at 777 (citing *Haskins v. State Farm Fire & Cas. Co.*, 612 So. 2d 990 (La. App. 2d Cir. 1993)).

The Petition does not allege any such relationship. Instead, the Petition alleges that Mr. Jacobs took unlabeled containers of Roundup®-branded herbicides or concentrates thereof and gave them to members of the community, including Plaintiff. Petition ¶ 132. In other words, Mr. Jacobs is alleged to have "distribut[ed] . . . dangerous and improperly labeled products to the unsuspecting public," including Plaintiff. *Id.* ¶ 195. Critically, the Petition does not even allege that Plaintiff and Mr. Jacobs knew each other. Under the allegations of the Petition, Mr. Jacobs and Plaintiff stood at arm's length from one another, each a stranger to the other. Moreover, Plaintiff's unsupported allegation that "Mr. Jacobs had or should have had an elevated appreciation of the dangerous nature of chemicals in general, and glyphosate and/or Roundup® formulations particularly," Petition ¶ 190, is a conclusory allegation which this Court should not accept. *See*

*Gros*, 2012 WL 5906724, at *8 (Barbier, J.) (denying remand motion and stating that plaintiff's allegation that employee "knew of the allegedly defective condition" was a "conclusory allegation that the court is not required to accept"); *Clark*, 2016 WL 6563437, at *1 (stating that the "court is not, however, bound to accept as true legal conclusions couched as factual allegations." (citing Iqbal, 556 U.S. at 678)). Consequently, the Petition fails to allege facts sufficient to establish Mr. Jacobs' negligence under Louisiana's duty-risk analysis. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 838 F. Supp. 2d at 507 (noting that "in the absence of such a [special] relationship, courts generally have declined to impose an affirmative duty to take such action on behalf of another person").

### b. Plaintiff Has Failed To Allege Facts Establishing That Mr. Jacobs Had Actual Or Constructive Knowledge Of The Alleged Defects With Roundup®-Branded Herbicides.

Article 2315 requires that for a duty to exist, Mr. Jacobs must have actual or constructive knowledge of a defect or danger related to glyphosate and Roundup®-branded herbicides. *See Wiley v. Sanders*, 850 So. 2d 771 (La. App. 2d Cir. 2003) (holding no breach of duty for Article 2315 negligence claim where landowner did not have any knowledge of the house party at his residence that presented the potentially dangerous condition); *Pool v. City of Shreveport*, 607 So. 2d 861, 864 (La. App. 2d Cir. 1992) (considering an Article 2315 negligence claim and noting that "under negligence principles, it is *awareness* of the dangerous condition that engenders a corresponding duty to act" (emphasis in original)); *Ross v. La Coste de Monterville*, 502 So. 2d 1026, 1032-33 (La. 1987) (noting that Article 2315 negligence claim would be defeated by plaintiff's failure to prove that defendant had knowledge of the defects); *Naylor v. La. Dep't of Pub. Highways*, 423 So. 2d 674, 682 (La. App. 1st Cir. 1982) (noting that it is "actual or constructive knowledge of a risk of injury [that] gives rise to the duty" in a 2315 negligence action). To establish constructive knowledge, a plaintiff must allege and prove facts proving a defendant

"in the exercise of reasonable care, should have known of the defect" alleged. *Alvarado v. Lodge at the Bluffs, LLC*, 217 So. 3d 429, 433 (La. App. 1st Cir. 2017). A failure to do so is fatal to a plaintiff's claim. *See, e.g., Gros*, 2012 WL 5906724, at *8 (Barbier, J.).

The Petition fails to allege a single fact remotely suggesting that Mr. Jacobs had actual or constructive knowledge of the alleged dangerous condition of Roundup®-branded herbicides. In fact, the Petition alleges just the opposite. The Petition is replete with allegations – allegations which Monsanto denies – that Monsanto engaged in an alleged pervasive, decades-long cover-up that concealed from everyone the dangers and risks posed by glyphosate and Roundup®-branded herbicides.[2] Given those allegations, there is no basis to conclude that Mr. Jacobs knew or should have known that these products allegedly created a risk of cancer or other serious adverse effects.

In addition, Plaintiff's unsupported conclusory allegation that "Mr. Jacobs had or should have had an elevated appreciation of the dangerous nature of chemicals in general, and glyphosate and/or Roundup® formulations particularly," Petition ¶ 190, does not salvage his claim because it is a conclusory allegation which this Court should not accept. *See Gros*, 2012 WL 5906724, at *8

---

[2] *See, e.g.*, Petition ¶ 32 ("Monsanto assured the public that glyphosate and/or Roundup® formulations were harmless. In order to prove this, Monsanto championed falsified data and attacked legitimate studies that revealed the dangers of glyphosate and/or Roundup® formulations. Monsanto has led a prolonged campaign of misinformation to convince government agencies, farmers and the general population that glyphosate and/or Roundup® formulations are safe."), ¶ 71 ("Monsanto has repeatedly proclaimed and continues to proclaim that glyphosate-based herbicides, including Roundup®, create no unreasonable risks to human health or to the environment."), ¶ 115 ("Monsanto has wrongfully concealed information concerning the dangerous nature of Roundup® formulations and the active ingredient glyphosate, and further made false and/or misleading statements concerning the safety of glyphosate and Roundup® formulations."), ¶ 122 ("To this day, Monsanto has failed to adequately and accurately warn of the risks of cancer associated with the use of and exposure to Roundup® formulations and the active ingredient glyphosate."); ¶ 167(l) (alleging that Monsanto's negligence included "[a]dvertising, marketing, and recommending the use of glyphosate and/or Roundup® formulations, while concealing and failing to disclose or warn of the dangers known by Defendant to be associated with or caused by the use of or exposure to glyphosate and Roundup® formulations").

(Barbier, J.) (stating that plaintiff's allegation that employee "knew of the allegedly defective condition" was a "conclusory allegation that the court is not required to accept"); *Clark*, 2016 WL 6563437, at *1 (Barbier, J.) (stating that the "court is not, however, bound to accept as true legal conclusions couched as factual allegations." (citing *Iqbal*, 556 U.S. at 678)).  Further, this allegation is insufficient even if the Court were to credit it.  An "elevated appreciation of the dangerous nature of chemicals in general," Petition ¶ 190, cannot be conflated with having actual or constructive knowledge that Roundup®-branded herbicides can cause NHL.  *Alvarado*, 217 So. 3d at 433 (to establish knowledge under Louisiana tort law, a plaintiff must allege and prove the defendant "either knew *of the defect* or, in the exercise of reasonable care, should have known *of the defect*.").  Without more, Plaintiff fails to allege sufficient facts that would give rise to any duty owed by Mr. Jacobs.

## II. Plaintiff Has Not Stated A Claim Under *Canter*, Even If He Had Not Waived Any Such Claim.

As noted *supra* at note 1, Plaintiff has waived any claim that Mr. Jacobs is liable by virtue of his position at Monsanto.  Even if Plaintiff had not waived that claim, however, it fails as a matter of law.  Under *Canter*, 283 So. 2d at 721, an employee may be held personally liable for injuries to third parties in certain limited circumstances.  *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 312 (5th Cir. 2005).  Importantly, liability under *Canter* is a narrow exception to the default rule that "[o]fficers, employees and agents owe no duties to third parties, and cannot be found liable to third parties for their negligent acts and omissions in the commercial context." *Korson v. Independence Mall I, Ltd.*, 585 So. 2d 1174, 1178 (La. App. 5th Cir. 1992).  To hold the employee personally liable, a plaintiff must prove: "(1) 'that the principal or employer owes a duty of care to the third person . . . breach of which has caused the damage for which recovery is sought,' (2) that the 'duty [was] delegated by the principal or employer to the defendant,' (3) that the

8

'defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault' by failing 'to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . ." *Gros*, 2012 WL 5906724, at *7 (Barbier, J.) (quoting *Canter*, 283 So. 2d at 721). In short, as this Court has explained, to hold an "agent or employee personally liable, the agent or employee's *principal* or *employer* must have owed the Plaintiff a duty and delegated that duty to the employee." *Gros*, 2012 WL 5906724, at *7 (Barbier, J.) (emphasis in original).

The Petition fails to allege any facts regarding Mr. Jacobs' job responsibilities (including whether he had any responsibilities related to Roundup®-branded herbicides); his position at the Luling facility; or the basis for his alleged knowledge of undisclosed risks and hazards of Roundup®-branded herbicides. *See* Petition ¶ 30 (merely alleging that Mr. Jacobs is "an active Luling Plant employee"), ¶ 188 (merely alleging that Mr. Jacobs "is and/or was employed at Luling Plant"). The Petition also does not allege any facts indicating that Monsanto specifically delegated to Mr. Jacobs, as a job duty, the distribution of Roundup®-branded herbicides. Instead, Plaintiff asks the Court to infer that a duty and knowledge existed based solely on Mr. Jacobs' employment at the Luling facility, and Plaintiff's allegations that Mr. Jacobs provided him with Roundup®-branded herbicides.

This Court has held that allegations similar to those asserted by Plaintiff are insufficient to support personal liability on the part of a corporate employee. In *Clark*, the plaintiff filed a personal injury lawsuit after she allegedly tripped and fell due to a "defective mat/rug" at a convenience store. 2016 WL 6563437, at *1 (Barbier, J.). The plaintiff alleged that the store manager "was aware of the dangerous condition, or should have been aware of the dangerous condition, and breached a duty to discover, remedy, or warn Plaintiff of such danger, and is

therefore personally liable to Plaintiff for the damages she sustained" – and included a "boilerplate list of alleged negligent acts committed by [the manager]," including, *inter alia*, the failure to maintain safe and clean premises, and failure to post signs warning of the dangerous conditions. *Id.* at *2. After removal, this Court granted a Rule 12(b)(6) motion to dismiss, holding that the allegations against the manager were insufficient to support personal lability under *Canter*, as the complaint did not offer any factual support indicating that the manager owed a duty of care to the plaintiff under *Canter* or that the employer "ever delegated the duties which it owed to third party patrons as a merchant under Louisiana law[.]" *Id.*, at *3. Moreover, this Court held that the plaintiff's "allegations that [the store manager] 'knew or in the exercise of reasonable care, should have known of' the allegedly dangerous condition on the premises ***is a conclusory allegation that the Court is not required to accept, and it does not amount to an allegation that [the store manager] personally knew of the allegedly dangerous mat/rug***." *Id*. (emphasis added (citing *Giles,* 2016 WL 2825778, at *4)).

Other courts have reached similar conclusions. *See Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911 (5th Cir. 2009) (denying remand based in part on inadequate allegations that employee-defendants breached a duty where improperly joined defendant lacked personal knowledge as to the alleged defect); *Robinson v. Wal-Mart Stores, Inc.*, Civil Action No. 15-6871, 2016 WL 1572078, at *1 (E.D. La. Apr. 19, 2016) (denying remand motion and holding that store manager was improperly joined because the plaintiff failed to allege that the manager owed a personal, independent duty to store patrons, delegated to him by his employer). Here, the allegations in the Petition as to Mr. Jacobs are similarly insufficient to impose personal liability on him under a *Canter* theory of negligence.

### III. Plaintiff's Own Alleged Wrongful Conduct Forecloses Any Recovery Against Mr. Jacobs As A Matter Of Law.

Plaintiff has made clear that his allegations against Mr. Jacobs relate to the allegedly *unauthorized* distribution of Roundup®-branded herbicides or concentrated forms of the same. *See* Petition ¶ 130; *see also* ECF No. 28 at 6 ("Mr. Jacobs' duty comes from his *unauthorized* distribution of the carcinogenic Monsanto herbicide to 3M and Plaintiff." (emphasis in original)). In other words, Plaintiff claims he was injured by his use of stolen or bootlegged herbicide. Mr. Jacobs denies this allegation, *see* Declaration of Randy Jacobs, ECF No. 1-7, ¶ 7, but even if the Court were to accept it as true, as it must at this stage, the allegation establishes that any recovery is barred by the "wrongful-conduct" rule, which provides that a plaintiff may not recover for injuries sustained in the course of his own illicit or illegal endeavors. Therefore, even if Plaintiff has sufficiently alleged the factual basis of some duty Mr. Jacobs owed, Plaintiff's own allegations bar any recovery here as a matter of law.

"Generally, a plaintiff is precluded from recovering when his/her claim is based on his/her own illegal or immoral act." *Guillie v. Comprehensive Addiction Programs, Inc.*, 735 So. 2d 775, 779 (La. App. 4th Cir. 1999). Louisiana has recognized this "wrongful-conduct" rule for decades. *Bergeron v. Mumphrey*, 38 So. 2d 411, 414 (La. App. Ct. 1949) ("No principle of law is better settled than that a party to an illegal contract or an illegal transaction cannot come into a court of law and ask it to carry our the illegal contract or to enforce rights arising out of the illegal transaction." (quotation marks omitted)); *J.R. Watkins Co. v. Brown*, 126 So. 587, 590 (La. App. 1st Cir. 1930) ("It is trite in our jurisprudence that contentions originating in unlawful purposes are not to be brought into courts of justice . . . . [A]ll parties to the illegal transaction are estopped, and the law leaves them, with their loss or gain, where it finds them." (quotation marks omitted)); *see also Price v. Purdue Pharma. Co.*, 920 So. 2d 479, 486 (Miss. 2006) (adopting the wrongful-

11

conduct rule and baring tort liability for addiction to substances plaintiff obtained through his own deceit).

Plaintiff alleges that he was injured (developed cancer) through his use of herbicides that he allegedly received through unauthorized distribution. Plaintiff does not allege that he was unaware that the herbicide was allegedly illicitly obtained, and in fact alleges facts that suggest he was very much aware of this distribution method. *See* Petition ¶ 130 ("The glyphosate and/or Roundup® formulations were received in large containers which were not labeled as glyphosate and/or Roundup®."). In other words, Plaintiff alleges that he used Roundup®-branded herbicide without Monsanto's approval, and that his receipt of the product was through unauthorized channels. Plaintiff, just like the plaintiff in *Price*, is barred from recovering for injuries allegedly sustained while using any products he obtained illicitly or illegally.

## **CONCLUSION**

The Petition fails to state a plausible claim against Mr. Jacobs for four independent reasons. First, no claim lies under Article 2315 because no facts are alleged to establish that a special relationship existed between Mr. Jacobs and Plaintiff that gives rise to a duty. Second, no facts are alleged that could possibly establish that Mr. Jacobs had actual or constructive knowledge that glyphosate or Roundup®-branded products allegedly created a risk of cancer or other serious adverse effects. Third, to the extent Plaintiff is pursuing claims under *Canter*, those claims fail because Plaintiff has not alleged facts that can establish Monsanto owed Plaintiff a duty it delegated to Mr. Jacobs. Fourth, Plaintiff's recovery would be barred as a matter of law by the wrongful-conduct rule, if his allegations are taken as true. Accordingly, the Motion to Dismiss should be granted with Mr. Jacobs dismissed from this litigation with prejudice.

DATED:  June 21, 2019    Respectfully submitted,

/s/ Judy Y. Barrasso
Judy Y. Barrasso (LA 2814)
Celeste R. Coco-Ewing (LA 25002)
Shaun P. McFall (LA 37225)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, LA  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jbarrasso@barrassousdin.com
ccoco-ewing@barrassousdin.com
smcfall@barrassousdin.com

Gregory S. Chernack
(admitted *pro hac vice*)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  202-898-5800
Facsimile:  202-682-1639
gchernack@hollingsworthllp.com

*Attorneys for Randy Jacobs*

*{1678254_1}*