# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD JOSEPH TROSCLAIR, JR., | * CIVIL ACTION NO.: 2:19-cv-10689-CJB-MDN |
| Plaintiff, | * |
| VERSUS | * |
| | * JUDGE: CARL BARBIER |
| MONSANTO COMPANY; MONSANTO COMPANY MANUFACTURING FACILITY; XL BERMUDA, LTD.; CATLIN INSURANCE SERVICES, INC.; T.H.E. INSURANCE COMPANY; 3M CATTLE, LLC; and RANDY JACOBS, | * MAGISTRATE JUDGE: MICHAEL NORTH |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT MONSANTO COMPANY'S
## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendant Monsanto Company ("Monsanto"), on behalf of the non-existent and improperly named and joined "Monsanto Company Manufacturing Facility," respectfully submits the following memorandum in support of its motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]

## INTRODUCTION

It is axiomatic that in order to be subject to suit, a defendant must first exist. Louisiana Civil Code Article 24 and decisions of the Louisiana Courts of Appeal confirm this sensible position: plaintiffs cannot sue purported defendants that lack independent legal personality. But in the present product liability action, plaintiff Ronald Joseph Trosclair, Jr. ("Trosclair") tries to

---

[1] Because the "Monsanto Company Manufacturing Facility" has no independent legal personality nor an agent for service of process, it has never been properly served. Monsanto Company appears here without waiving any rights under Federal Rule of Civil Procedure 12(b)(5).

do just that.  Attempting to sue the Monsanto facility located in Luling, Louisiana, Trosclair's Petition for Damages (the "Petition") purports to name and state a claim against a defendant known as "Monsanto Company Manufacturing Facility," but no such entity has ever been incorporated or otherwise organized in this or any other state.  Instead, the facility in Luling is owned and operated by Monsanto.  Simply put, the "Monsanto Company Manufacturing Facility" does not exist, and thus lacks the requisite capacity to be sued in Louisiana.  The claims against this non-existent and improperly named defendant should be dismissed.

## **ARGUMENT**

The Federal Rules of Civil Procedure require plaintiffs to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, or it is apparent from the face of the complaint that there is an insuperable bar to relief." *Pellegrin v. C.R. Bard*, No. 17-12473, 2018 WL 3046570, at *2 (E.D. La. June 20, 2018) (citations omitted).

In these circumstances, "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3).  In Louisiana, "[a]n entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. App. 2d Cir. 2006) (citation omitted).  "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership." La. C.C. art. 24.  Thus, when a named defendant is not a legal entity on its own, dismissal is required because such a defendant lacks the capacity to be sued.  *See, e.g.*, *Assensoh v. Diamond Nails*, 897 So. 2d 806 (La. App. 4th Cir. 2005); *Ware v. The Coats Co., Inc.*, 635 So. 2d 587 (La. App. 3d Cir. 1994);

2

*Govango, Inc. v. Malabar Bay, L.L.C*, Civil Action No. 11-1600, 2012 WL 1836178 (E.D. La. May 21, 2012); *D'Aquin v. Starwood*, Civil Action No. 16-12798, 2016 WL 6436561, at *3 (E.D. La. Oct. 31, 2016).

Trosclair's Petition is devoid of any allegation that would suggest — much less establish — that the law attributes personality to the "Monsanto Company Manufacturing Facility." Unlike every other defendant named in the Petition, Trosclair does not allege the corporate form or legal personhood of the "Monsanto Company Manufacturing Facility." Instead, he accurately alleges that it is "a manufacturing facility" in the state of Louisiana. Petition ¶ 1(B). That is not enough.

Trosclair's position that he can sue the "Monsanto Company Manufacturing Facility" is not only deficiently alleged, it is wrong as a matter of fact. There is no separate legal entity called "Monsanto Company Manufacturing Facility," and the manufacturing plant in Luling, Louisiana, is owned and operated by Monsanto. That plant is not a corporation or a company; is not registered to do business in Louisiana; and does not have a registered agent in Louisiana. Public documents confirm these facts. A search for "Monsanto" of publicly available information on the website of the Louisiana Secretary of State shows various registered Monsanto entities, but nothing for "Monsanto Company Manufacturing Facility" (or any similarly named entity). Those same records indicate that Monsanto's address in Louisiana is the same as the address where Trosclair purportedly served the "Monsanto Company Manufacturing Facility." *See* Louisiana Secretary of State, *Search for Louisiana Business Filings*, ECF No. 19-2. The Court should take judicial notice of the records of the Louisiana Secretary of State under Federal Rule of Evidence 201(b) because the truth of the content of these records is "capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned." *Govango, Inc.*, 2012 WL 1836178, at *2. Courts regularly take judicial notice of "'matters of public record,'" and when they do so, conversion of a motion to dismiss to a motion for summary judgment is unnecessary. *Id.* (citations omitted). Here, such matters of public record confirm that the "Monsanto Company Manufacturing Facility" lacks independent legal personality and therefore cannot be sued.

## **CONCLUSION**

The defendant improperly joined and named as "Monsanto Company Manufacturing Facility" has no independent legal personality and therefore lacks capacity to be sued in Louisiana. Because Plaintiff has failed to state any cause of action against this defendant, it must be dismissed from this litigation pursuant to Rule 12(b)(6).

DATED:  June 21, 2019                                Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso (LA 2814)
Celeste R. Coco-Ewing (LA 25002)
Shaun P. McFall (LA 37225)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, 24th Floor
New Orleans, LA  70112
Telephone:  504-589-9700
Facsimile:  504-589-9701
jbarrasso@barrassousdin.com
ccoco-ewing@barrassousdin.com
smcfall@barrassousdin.com

Gregory S. Chernack
(admitted *pro hac vice*)
HOLLINGSWORTH LLP
1350 I Street, N.W.
Washington, DC  20005
Telephone:  202-898-5800
Facsimile:  202-682-1639
gchernack@hollingsworthllp.com

*Attorneys for Defendant Monsanto Company*

{1678264_2}